## Case No. 15,931.

### UNITED STATES v. ONE–HALF BARREL BRANDY.[1]

District Court, D. California. Sept. 1, 1879.

INTERNAL REVENUE — REFILLING FOREIGN CASKS WITH DOMESTIC SPIRITS.

[Section 12 of the act of March 1, 1879 [20 Stat. 342], when read in connection with sections 11 and 13, shows a plain intention that the exterior of the package shall in all cases unmistakably indicate the nature of the contents; and therefore it is unlawful to refill with domestic tax-paid spirits any casks in which foreign spirits have been imported, even where the brands, stamps, and marks required by law have been removed.]

HOFFMAN, District Judge. This is an amicable suit brought to procure the decision of this court upon the question whether a cask in which foreign distilled spirits have been imported, and from which, after being emptied, the brands, stamps, and marks required by law have been removed, can lawfully be refilled with tax-paid domestic distilled spirits. Section 12 of the act of March, 1879, amongst other things, provides that "no cask or other package, such as is hereinbefore mentioned, in which distilled spirits, wines, or malt liquors have been imported, shall be used to contain domestic distilled spirits, under penalty of the forfeiture of such reused casks or packages and the contents thereof." The phrase, "cask or other package, such as is hereinbefore mentioned," obviously refers to the "pipes, hogsheads, tierces, barrels,

<hr>

[1] [Not previously reported.]

casks, or other similar packages" mentioned in the preceding section of the act, and is employed to obviate the necessity of re-enumeration. The language of section 12, above cited, is so plain, precise and 'peremptory as to leave no room for misconstruction or evasion. If, therefore, this provision stood alone, I should be compelled to hold that the use of foreign casks to contain domestic distilled spirits is prohibited by law. An examination, however, of the other section of the act, which relates to the subject of imported liquors, will disclose that the provision in question is a part of a system deliberately adopted by congress, and enforced by appropriate legislation in the other section of the act. Section 11, among other things, enacts that: "Whenever any cask or package of imported distilled spirits of not less than five wine-gallons is filled for shipment, sale or delivery, on the premises of any wholesale liquor-dealer, the same shall be stamped with a special stamp for imported spirits under such rules and regulations as the commissioner of internal revenue has prescribed or may hereafter prescribe, in the case of domestic distilled spirits." The object of this provision is evident. It is that every package of not less than five wine gallons, with which imported distilled spirits have been transported, shall bear a stamp indicating the nature of its contents. Section 13, in its first clause, forbids "the purchase or sale with the imported liquor stamp herein required remaining thereon, or any of the marks or brands which shall be placed thereon, in accordance with the laws or regulations concerning imported liquors remaining thereon, of any cask or other package, after the same has been once used to contain imported liquors, and has been emptied." The second clause of the same section forbids the use, or having in one's possession, of such cask or package, with any imitation of such marks or brands, for the purpose of placing domestic distilled spirits therein for sale. The third clause prohibits "the manufacture, use, or having in possession for the purpose of placing domestic distilled spirits therein, for sale, of any cask or package made in imitation of or intended to be in the similitude of such imported casks or packages, with any imitation of such marks or brands thereon." It will be seen from these provisions that not only is the use of foreign packages to contain domestic spirits forbidden, but the use of any packages, whether domestic or foreign, made in imitation of such packages, and bearing the imitations of the marks and brands required by law to be on such packages of foreign spirits. Whether the object of these provisions was to protect the revenue against frauds, or the public against imposition, or both, it is unnecessary to inquire. The intention is plain that the exterior of the package shall in all cases unmistakably indicate the nature of the contents, and that a casual inspection of a cask of spirits should at once disclose whether its con-

tents are foreign or domestic. The meaning and object of the law being thus plain, the court has no alternative but to enforce its provisions.

[NOTE. An application was subsequently made for a reconsideration of the above decision. Judge Hoffman expressed his belief in the correctness of the above opinion. Case No. 15,280.]